IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DENA WILLIAMS                                                                                              PLAINTIFF

vs.                                            Civil No. 1:11-cv-01047

MICHAEL J. ASTRUE                                                                                      DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Dena Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff filed an application for DIB and SSI on October 14, 2008. (Tr. 8, 91-97).[1] Plaintiff alleged she was disabled due to broken right hand, high blood pressure, and depression. (Tr. 110). Plaintiff alleged an onset date of September 14, 2008. (Tr. 110). These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

initially and again upon reconsideration. (Tr. 40-46, 49-52).

On February 23, 2009, Plaintiff requested an administrative hearing on her applications. (Tr. 53). This hearing request was granted, and a hearing was held on November 19, 2009 in Little Rock, Arkansas. (Tr. 16-33). At this hearing, Plaintiff was present and waived her right to be represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Mike Welsh testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 19).

On March 26, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 8-12). In this decision, the ALJ determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") since May 1, 2009. (Tr. 10, Finding 2). The ALJ also determined there had been no continuous 12-month period during which Plaintiff had not engaged in SGA. (Tr. 11, Finding 3). Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from September 14, 2008 through the date of the ALJ's decision. (Tr. 11, Finding 4).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 1). *See* 20 C.F.R. § 404.968. On July 22, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 3, 2011, Plaintiff filed the present appeal. ECF No. 1. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4)

3

whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 6.  Specifically, in her appeal brief, Plaintiff claims the ALJ erred by finding Plaintiff engaged in SGA since May 1, 2009. *Id.*  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 7.

As noted above, the Social Security regulations require the ALJ to follow a sequential procedure in analyzing disability claims.  At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity.  If the ALJ finds a claimant is engaged in substantial gainful activity, then the claimant must be found not disabled regardless of medical condition, age, education, or work experience. *See* 20 C.F.R. § 404.1520(b). Substantial gainful activity is work that is both substantial and gainful.  Substantial work activity is work that involves doing significant physical or mental activities.  Gainful work activity is work activity that one does for pay or profit, whether or not a profit is realized. *See* 20 C.F.R. § 404.1572.

Plaintiff's alleged date of disability began on September 14, 2008. (Tr. 110).  At the hearing, Plaintiff testified she began working at Walgreens in May 2009. (Tr. 20-21).  Plaintiff's job involved being a cashier and working in cosmetics.  (Tr. 20).  Plaintiff testified she worked approximately 30

hours per week, earning $8.75 an hour. (Tr. 20). Plaintiff continued to work at Walgreens at the time of her hearing on November 19, 2009. (Tr. 20).

The ALJ found the amount of average monthly earnings that ordinarily demonstrates SGA for individuals with an impairment, other than blindness, is $980.00 for reporting year 2009 and $1,000.00 for reporting year 2010. (Tr. 11). *See* 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). Based on Plaintiff's testimony of hours worked the ALJ noted those hours and earnings support an average total earnings of $1,050 a month. (Tr. 11). The ALJ also cited to a new-hire query in the record that revealed Plaintiff earned a total of $5,459 in the 2nd and 3rd quarters of 2009, which would be from April 2009 through September 2009. (Tr. 11, 98-105). Plaintiff does not contest the ALJ's earnings finding. ECF No. 6, Pg. 5.

In determining whether a claimant is substantially gainfully employed, criteria such as the level of earnings from work is relevant. If a claimant has worked for substantial earnings, it will be presumed the claimant can perform SGA. *See* 20 C.F.R. § 404.1574(a)(1). Earnings in excess of $980.00 per month for 2009 and $1,000.00 per month for 2010 would be considered SGA. *See* 20 C.F.R. §404.1574(b)(2)(ii).[2] The ALJ correctly found Plaintiff engaged in SGA since May 1, 2009.

Further, a disability must last or be expected to last at least twelve months to be considered disabling. *See* 42 U.S.C. § 423(d)(1)(A). In this case, Plaintiff returned to work at a SGA level prior to the passage of twelve months from the date her alleged disability began. Based on this, Plaintiff cannot be considered disabled. I find substantial evidence supports the Commissioner's determination

---

[2] The Social Security Administration has determined the average monthly earnings amount which constitutes substantial gainful activity for years 1975-2010. These monthly earning amounts can be found at http://www.ssa.gov/OACT/COLA/SGA.html.

that Plaintiff engaged in SGA and the Commissioner's final decision should be affirmed.

Plaintiff argues the ALJ was required to determine if Plaintiff's work was an unsuccessful work attempt. ECF No. 6, Pg. 4-6. However, the agency will not consider work a claimant has performed at the SGA earnings level for more than six months to be an unsuccessful work attempt, regardless of why it ended or was reduced below the substantial gainful activity earnings level. *See* 20 C.F.R. §§ 404.1574(c)(5), 416.974(c)(5).

In this matter, the record supports a finding that Plaintiff worked for more than six months at the time of the hearing. The ALJ noted a new-hire query, showing Walgreens hired Plaintiff on May 13, 2009. (Tr. 11, 100). The ALJ conducted the administrative hearing on November 19, 2009. (Tr. 16, 20-21). Therefore, at the time of the administrative hearing, Plaintiff had continuously worked at Walgreens for more than six months. As previously noted, work a claimant has performed at the SGA earnings level for more than six months is not considered an unsuccessful work attempt. *See* 20 C.F.R.§§ 404.1574(c)(5), 416.974(c)(5). Therefore, Plaintiff's allegation that the ALJ failed to evaluate whether or not Plaintiff's work was an unsuccessful work attempt is without merit.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

**district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 5th day of April, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE